1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE, an Indiana insurance corporation, | CASE NO. 13-5433 RJB |
| Plaintiff, | ORDER ON CROSS MOTIONS FOR |
| v. | PARTIAL SUMMARY JUDGMENT |
| CHRISTINE MARK; KATHLEEN MARK; BRENDA LEUNG; and SUSAN LEUNG, | |
| Defendant. | |

11
12
13
14
15
16
17
18
19

This matter comes before the Court on Defendants' Motion for Summary Judgment re: Plaintiff's First Cause of Action for Declaratory Judgment (Dkt. 16) and Hartford Casualty Insurance Company's ("Hartford") Motion for Partial Summary Judgment (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

20
21
22
23
24

1   This insurance coverage dispute case arises as a result of damage to 936 Pacific Avenue,

2   Tacoma, Washington from a sewer back up.  Plaintiff Hartford contends that the premises were

3   vacant at the time of the loss and that the policy's vacancy clause's water damage exclusion

4   applies.  The Defendants argue that the vacancy provision does not apply.  They maintain that

5   because the property at issue is an office suite in a larger building, the vacancy provision's

6   definition of "building" does not include their property, and so the exclusion does not apply.  For

7   the reasons set forth below, the vacancy provision should be held to apply.  Hartford's motion

8   should be granted as to application of the vacancy provision and denied without prejudice as to

9   application of the water damage exclusion.  Defendants' motion should be denied.

10                    **I.      BACKGROUND FACTS AND PROCEDURAL HISTORY**

11   **A.  RELEVANT FACTS**

12        Defendants are family members who, as a partnership, own an office located at 936

13   Pacific Avenue, Tacoma, Washington ("premises").  Dkt. 18, at 1.  The premises is 7,429 square

14   feet and is on the first floor.  Dkt. 23, at 8.  On either side of the premises are separately owned

15   units, each with their own tax parcel number.  Dkt. 23, at 5-12.  The Pierce County Assessor

16   Treasurer tax parcel number for the premises is 2009040026, and its legal description, in part,

17   "excludes therefrom all second, third, fourth, fifth, sixth & seventh decks of the building

18   constructed thereon."  Dkt. 23, at 5.  To the left of the premises is a 6,000 square foot unit

19   commonly known as 928 Pacific Avenue, tax parcel number 2009040023, owned by ISA LLC.

20   Dkt. 23, at 14-21.  To the right is an 8,400 square foot unit commonly known as 942 Pacific

21   Avenue, tax parcel number 2009040027, owned by the City of Tacoma.  Dkt. 23, at 22-27.  The

22   premises and these units share common walls.  On top of these units is a 158,350 square foot

23

24

1    parking structure owned by the City of Tacoma, with an address of 919 Commerce Street,

2    Tacoma, Washington, tax parcel number 2009040022.  Dkt. 23, at 29.

3          In December of 2008, Defendants applied for a commercial lessor's risk property

4    insurance policy with Hartford.  Dkt. 23, at 31.  Hartford issued Spectrum Policy No. 52 SBA

5    IJ42323, ("policy") providing commercial property and lessor's risk liability coverage for the

6    premises.  Dkt. 23, at 36.  The policy renewed annually.  *Id.*

7          On January 23, 2012, sewage backed up into the premises and caused damage. Dkt. 26, at

8    1.  Defendants were notified that day by one of the occupants of an adjacent unit.  Dkt. 26, at 2.

9    The premises had been vacant for several months at the time of the damage.  *Id.*

10         Defendants notified Hartford of the loss.  Dkt. 17-6.  Hartford initially denied their claim

11   on February 23, 2012.  *Id.*  After correspondence with Defendants' lawyers, Hartford again

12   denied their claim on August 29, 2013, relying on the policy's vacancy clause's water damage

13   exclusion.  Dkt. 17-9.

14   **B.  PROCEDURAL HISTORY**

15         On February 14, 2013 Defendants filed a notice pursuant to RCW 48.30.015(8) of their intent

16   to sue Hartford for bad faith.  Dkt. 8.

17         On June 5, 2013, Hartford filed this case, seeking declaratory relief that it has no duty to

18   provide coverage for any property damage to the building.  Dkt. 1.  In the alternative, it seeks a

19   declaration "as to the exact amount due, if any, to the [Defendants] for any coverage under the

20   policy."  *Id.*

21         Defendants filed an answer and assert counterclaims under Washington law for:  1) bad faith,

22   2) Consumer Protection Act violations, 3) negligence, and 4) breach of contract.  Dkt. 8.

23   **C.  PENDING MOTIONS**

24

1    Defendants filed a motion for partial summary judgment, seeking an order dismissing

2    Hartford's first claim for relief and declaring that Hartford has a duty to provide coverage for the

3    property damage.  Dkt. 16.  In support of their motion, Defendants argue that the policy's

4    vacancy provision does not apply to them and therefore Hartford must provide coverage.  Dkts.

5    16, 24 and 29.

6    Hartford also has pending a motion for partial summary judgment, seeking a declaration that

7    the vacancy provision applies.  Dkt. 22.  Hartford argues that the vacancy provision precludes

8    coverage for the sewer back up damage, and so Hartford has no duty to provide coverage for the

9    loss.  Dkts. 22, 28, and 32.

10   ## II.    DISCUSSION

11   **A.  SUMMARY JUDGMENT STANDARD**

12   Summary judgment is proper only if the pleadings, the discovery and disclosure materials

13   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

14   movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

15   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

16   showing on an essential element of a claim in the case on which the nonmoving party has the

17   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

18   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

19   for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

20   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

21   metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

22   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

23   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

24

ORDER ON CROSS MOTIONS FOR PARTIAL
SUMMARY JUDGMENT- 4

1  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

2  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

3       The determination of the existence of a material fact is often a close question.  The court

4  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

5  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

6  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

7  of the nonmoving party only when the facts specifically attested by that party contradict facts

8  specifically attested by the moving party.  The nonmoving party may not merely state that it will

9  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

10 to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

11 Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

12 be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

13     B.  **WASHINGTON CONTRACT LAW**

14     Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in

15 diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v.*

16 *Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). "In Washington, insurance policies are

17 construed as contracts." *Weyerhaeuser Co. v. Commercial Union Ins. Co.,* 142 Wash.2d 654,

18 665 (2000) (*internal citation omitted*).  The terms of an insurance contract are examined to

19 determine whether under the plain meaning of the contract there is coverage.  *Kitsap County v.*

20 *Allstate Ins. Co.,* 136 Wash.2d 567, 576 (1998).  "Insurance contracts are construed in

21 accordance with the meaning understood by the typical purchaser of the insurance." *Sprague v.*

22 *Safeco Ins. Co. of America*, 174 Wash.2d 524 (2012).

23

24

1     As the Washington Supreme Court has noted, courts asked to enforce a contract may be

2 called upon to either construct or interpret a contract's terms. *Berg v. Hudesman*, 115 Wn.2d

3 657, 663 (1990). Contract construction requires the court to determine the legal consequences

4 that flow from a contract's terms. *Id.* Contract interpretation requires the court to determine the

5 meaning of a contract term and the parties' intentions. *Id.* at 663. When interpreting a contract,

6 the contract's ambiguous language is construed against the party who drafted it or whose

7 attorney prepared it. *See Guy Stickney, Inc. v. Underwood*, 67 Wn.2d 824,827 (1966).

8     This opinion will now examine the policy language and determine if the vacancy provision

9 applies.

10 **C. POLICY LANGUAGE AND APPLICATION OF VACANCY PROVISION**

11 The relevant policy language provides:

12     **A. COVERAGE**

13     We will pay for direct physical loss of or physical damage to Covered
Property at the premises described in the Declarations (also called "scheduled

14 premises" in this policy) caused by or resulting from a covered cause of loss.

15     **1. Covered Property**

16 Covered Property as used in this policy, means the following types of property for
which a Limit of Insurance is shown in the Declarations:

17

18         a.  **Buildings**, meaning only buildings and structures described in the
Declarations . . . .

19 Dkt. 23, at 49.  The policy Declarations describe the insured property as:

20 Locations(s), Building(s), Business of named insured and Schedule of Coverage for Premises
as designated by number below.

21

22 **Location**: 001      **Building**: 001

23 936 Pacific Avenue, Tacoma, WA 98402

24 **Description of Business**:

1    BUILDING OWNER – LESSORS RISK ONLY – OFFICE OCCUPANCY

2    **Deductible**: $ 500 per occurrence

3    **BUILDING AND BUSINESS PERSONAL PROPERTY LIMITS OF INSURANCE**

4    **BUILDING**

5    Replacement Cost:  $1,011,800.

6  Dkt. 23, at 38. (*emphasis in original*).  In the policy's Section D "Property Loss Conditions,"

7  there is the following vacancy provision.  Dkt. 23.

8    D.  **PROPERTY LOSS CONDITIONS** . . .

9        8.  **Vacancy**

10            a.  **Description of Terms**

11            (1) As used in this Vacancy Condition, the term building and the term vacant have
            the meanings set forth in Paragraphs (a) and (b) below:

12

13            (a) When this policy is issued to a tenant, and with respect to that tenant's
                interest in Covered property, building means the unit or suite rented or
                leased to the tenant.  Such building is vacant when it does not contain

14                enough personal property to conduct customary operations.

15            (b) When this policy is issued to the owner or general lessee of a building,
                building means the entire building.  Such building is vacant unless at

16                least 31% of its total square footage is:

17                    (i)        Rented to a lessee or sub-lessee and used by the lessee
                            or sub-lessee to conduct its customary operations; and/or

18

19                    (ii)       Used by the building owner to conduct customary
                            operations

20            (2) Buildings under construction or renovation are not considered vacant.

21        b. **Vacancy Provisions**

22        If the building where physical loss or physical damage occurs has been vacant for
        more than 60 consecutive days before that physical loss or physical damage

23        occurs:

24

(1) We will not pay for any physical loss or physical damage caused by any of the following even if they are Covered Causes of Loss:

(d) Water Damage . . . .

Dkt. 23, at 70-71.

As a starting point, exclusionary clauses such as the vacancy provision above are strictly construed against the drafter. *Sprague v. Safeco Ins. Co. of America*, 174 Wash.2d 524 (2012).

Defendants argue that the vacancy restriction can only apply in two circumstances and neither apply to them. Dkt. 24. They argue that first it applies under Paragraph (a) of the vacancy provision when the policy is issued to a tenant. *Id*. It is undisputed that Defendants here were not tenants, so Defendants are correct – Paragraph (a) of the vacancy provision does not apply.

Defendants argue that the vacancy provision secondly applies when the policy is issued to the owner of a building as stated in Paragraph (b). Defendants point out that under Paragraph (b) "building means the entire building." Dkt. 24. They argue that they do not own the "entire" building in which their office suite is located and so this provision does not apply to them. Dkt. 24. They note that there are units on either side of the premises and a parking garage over it. *Id.* Defendants argue that as owners of only a portion of a building, they do not fit Paragraph (b)'s definition of "building" as "entire building" and so the vacancy provision does not apply. Dkt. 24.

Defendants offer a strained reading of the policy and the vacancy provision's use of the word "building." Contrary to Defendants' urging, the vacancy provision's discussion of the term "building" in Paragraph (b) as meaning the "entire building" still does not define the term "building." In Washington, if a contract defines a term, that definition applies. *Austl. Unlimited Inc. v. Hartford Cas. Ins. Co.,* 147 Wn. App. 758, 766 (2008). Undefined terms in a contract are

given their "plain, ordinary, and popular" meaning.  *Kitsap County v. Allstate Ins. Co.,* 136

Wash.2d 567, 576 (1998).  Such meaning may be ascertained by referring to standard

dictionaries.  *Id.*  Webster's Third International Dictionary defines the term "building" to mean

"a constructed edifice designed to stand more or less permanently, covering a space of land,

usually covered by a roof and more or less completely enclosed by walls. . . ." Webster's Third

New International Dictionary, 292 (unabridged 2002).  Under this definition, in isolation, the

terms "entire building" could mean only the insured premises or the complete structure,

including the units on either side of the insured premises and the parking garage.  However, in

construing the term "building" in the vacancy provision, the court must also be mindful that "the

entire contract must be construed together so as to give force and effect to each clause." *Boeing*

*Co. v. Aetna Cas. and Sur. Co.,* 113 Wash.2d 869, 876 (1990).

This common understanding of the term "building" must then be read into the policy as a

whole, "so as to give force and effect to each clause."  *Boeing,* at 876.  Hartford properly points

out that Defendants contention that the term "building" must be construed to include structures

on either side of, and above them, ignores all the other uses of the word "building" in the policy

as a whole and would render those uses of "building" without force.  Dkt. 28.  In the policy

Declarations, "Building 001" is the premises located at 936 Pacific Avenue in Tacoma; the

nature of the business is "building owner," and limits of liability are set for the "Building."  *Id.*

When read in conjunction with other portions of the policy, the only reasonable construction of

the phrase "entire building" in the vacancy provision's Paragraph (b) refers to the insured

premises, and is not ambiguous.  Defendants' argument that Hartford could have included a

definition that would have applied to them, but it failed to do so (Dkt. 24) is equally unavailing.

The "Property Loss Condition" regarding vacancy applies.  To the extent that Hartford moves for

1   summary judgment that the vacancy provision applies (Dkt. 22), the motion should be granted.

2   To the extent that Defendants move for summary dismissal of Hartford's claim that the vacancy

3   provision applies here (Dkt. 16), the motion should be denied.

4       D.       **VACANCY PROVISION'S WATER DAMAGE EXCLUSION**

5       This opinion will next turn to whether parties motions related to the vacancy provision's

6   water damage exclusion applies.

7       The Defendants state that if the vacancy provision is held to apply, they do not concede that

8   the provision's exclusion for water damage applies to the sewer back up that occurred here.  Dkt.

9   24, at 9.  They state that, for the purposes of these cross motions only, they are not refuting

10  Hartford's argument that the water damage exclusion applies.  *Id.*

11      Hartford, likewise, does not meaningfully address whether the vacancy provision's exclusion

12  for water damage applies to the sewer back up here.  To the extent that Hartford moves for

13  summary judgment that the damage from the sewer back up is included in the water exclusion,

14  the motion should be denied without prejudice.  Hartford has not shown that it is entitled to a

15  judgment as a matter of law on this question.

16                          **III.    ORDER**

17      Therefore, it is hereby **ORDERED** that:

18      •   Defendants' Motion for Summary Judgment re: Plaintiff's First Cause of Action

19          for Declaratory Judgment (Dkt. 16) **IS DENIED**; and

20      •   Hartford Casualty Insurance Company's Motion for Partial Summary Judgment

21          (Dkt. 22) **IS**:

22              o   **GRANTED** as to the application of the vacancy provision; and

23

24

1           ○   **DENIED WITHOUT PREJUDICE** as to whether the vacancy

2              provision's water damage exclusion applies.

3         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4 to any party appearing pro se at said party's last known address.

5         Dated this 28th day of January, 2014.

6

7

8                     ROBERT J. BRYAN
                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON CROSS MOTIONS FOR PARTIAL
SUMMARY JUDGMENT- 11